IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| REGINALD L. COBBINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:09-cv-04025-NKL |
| | ) | |
| ENGINEERED PLASTIC COMPONENTS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Pending before the Court is a Motion to Dismiss for Failure to State a Claim filed by Defendants Dave Arnold, John Johnson, Randy Nelson, Chris Ross, and Glenda Shackelford [Doc. # 9], a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Engineered Plastic Components [Doc. # 18], and a Motion for Appointment of Counsel filed by Plaintiff Reginald Cobbins [Doc. # 22]. For the reasons set forth below, the Court grants the Motion to Dismiss for Failure to State a Claim [Doc. # 9], denies the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. # 18], and denies without prejudice the Motion for Appointment of Counsel [Doc. # 22].

**I. Motion to Dismiss for Failure to State a Claim [Doc. #9]**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Cobbins filed his complaint *pro se*. Cobbins alleges that, while employed by Engineered Plastic, he was subjected to discriminatory acts based

1

upon his race and religion. In moving to dismiss the claim against them, the individual defendants[1] argue that Cobbins may not assert a Title VII claim against them because Title VII does not impose liability on individual employees. Consequently, the individual defendants assert that Cobbins' complaint states no claim on which relief can be granted under any set of facts.

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

It is well settled that "individual employees cannot be personally liable under Title VII." *McCullough v. Univ. of Ark. for Med. Sciences*, 559 F.3d 855, 860 (8th Cir. 2009) (citing *Bonomolo-Hagen v. Clay Cent.-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997)). To the extent Cobbins' claims are brought against defendants in their individual capacities, the Complaint against individual defendants is dismissed.

II. **Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. #18]**

---

[1] Named Defendant Chuck Aust does not join in this motion, presumably because he has not yet been served by Cobbins.

Under Title VII, a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") and/or the Missouri Commission on Human Rights within 180 days after the occurrence of the last discriminatory act; this is extended to 300 days since Missouri is a "deferral" state. *See Dring v. McDonnell Douglas Corp.*, 58 F.3d. 1323, 1327-28 (8th Cir.1995); 42 U.S.C. § 2000e-5(e)(1).

Engineered Plastic argues that Cobbins failed to file his discrimination charge within the required 300 days because his Complaint alleges that the racial and religious discrimination occurred on October 1, 2007, and Cobbins' EEOC charge was not filed until October 9, 2008. In his response, Cobbins states that the last date of the alleged discrimination was December 26, 2007, and his EEOC charge was properly filed within the 300 days. Although Cobbins' Complaint states the date of discrimination was October 1, 2007, the Notice of Charge of Discrimination, attached to Engineered Plastic's Opposition, states that the earliest date of the alleged discrimination was October 1, 2007 and the latest date was December 26, 2007.

At the motion to dismiss stage, the Court can consider the EEOC charge. *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802 (8th Cir. 2002). Under the federal notice pleading requirement, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And, a *pro se* plaintiff's complaint will be liberally construed. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996). Further, Engineered Plastic is on notice that Cobbins claims the last date of discrimination was December 27, 2007 because it is in his EEOC charge. Thus, the Court

denies Engineered Plastic's motion to dismiss for lack of subject matter jurisdiction

## III. Motion for Appointment of Counsel [Doc. #22]

A civil litigant has no constitutional or statutory right to a court-appointed attorney. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). The decision of whether or not to appoint counsel in a particular case lies within the discretion of the district court. *See Rayes v. Johnson*, 702-03 (8th Cir. 1992); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984); *White v. Walsh*, 649 F.2d 560, 563 (8th Cir. 1981).

In *Rayes*, the Eighth Circuit set forth a number of factors to be considered by the district court in deciding whether or not to appoint counsel. The factors include, without limitation: (1) whether the claim is frivolous or malicious; (2) whether the pleadings state a prima facie case; (3) the plaintiff's inability to obtain counsel; and (4) the plaintiff's need for an attorney. *Rayes*, 969 F.2d at 703.

In focusing upon the plaintiff's need for an attorney, the district court evaluates several factors, including: (1) whether the plaintiff and/or the Court would benefit from the appointment, (2) the plaintiff's ability to investigate the relevant facts and to present his/her claim, (3) the existence of conflicting testimony, and (4) the complexity of the facts and the legal issues presented. *Id.*

In his Motion, Cobbins identifies attorneys that he has contacted about his claim and states that he is without means to employ counsel. However, the remaining factors have not been identified or briefed by Cobbins. Thus, Cobbins has failed to show that he is entitled to appointment of a lawyer. As a result, the Court denies Cobbins' Motion.

**IV.    Conclusion**

Accordingly, it is hereby ORDERED that the Motion to Dismiss for Failure to State a Claim [Doc. #9] filed by Defendants Dave Arnold, John Johnson, Randy Nelson, Chris Ross, and Glenda Shackelford is GRANTED; the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. #18] filed by Defendant Engineered Plastic Components is DENIED; and the Motion to Appoint Counsel [Doc. #22] filed by Plaintiff Reginald Cobbins is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: December 14, 2009
Jefferson City, Missouri